[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 9, 2007
THOMAS K. KAHN
CLERK

_____

Nos. 06-13622, 06-14073, 06-14722, 06-15999
Non-Argument Calendar

_____

D. C. Docket No.
04-01344-CV-J-16-HTS

UNITED STATES OF AMERICA,
ex rel., GABE KAIMOWITZ,
an attorney qui tam, pro se,

Plaintiffs-Appellants,

versus

ROBERT ANSLEY,
as agent for Orlando Neighborhood
Improvement Corporation, Boca Club
Apartments formally as Anvil-Richard
Allen Gardens, Inc. and individually,
ORLANDO NEIGHBORHOOD IMPROVEMENT
CORPORATION ("ONIC"),
BOCA CLUB APARTMENTS,
formally incorporated perhaps with
other properties,
ANVIL-RICHARD ALLEN GARDENS, INC.,
f.k.a. ONIC-Holden Gardens, Inc.
f.k.a. ONIC-Boca Club Apartments, Inc.,
ORLANDO, FLORIDA,
a municipal corporation, either
directly or also by Robert Ansley, as its agent,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(October 9, 2007)**

Before TJOFLAT, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Gabe Kaimowitz, proceeding pro se and as a qui tam relator on behalf of the United States, challenges the district court's grant of summary judgment in favor of the Defendants, the City of Orlando, Florida and Robert Ansley, individually and as an agent for Orlando Neighborhood Improvement Corporation and Anvil-Richard Allen Gardens, Inc. ("Anvil") (collectively "Defendants").[1] Kaimowitz filed suit against the Defendants pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3722, seeking to recover money awarded by the United States Department of Housing and Urban Development ("HUD") to Orlando "for the building of 216 Boca Club Apartments . . . and for the rehabilitation of those low-income facilities in 1997." His lawsuit focused on a HUD-provided, $1.7 million Urban Development Assistance Grant

---

[1]  Defendant Ansley moved for summary judgment on the claims against him in the three capacities in which he was sued, including as an agent for Anvil, and Orlando moved for summary judgment. Accordingly, the district court's entry of summary judgment was an appealable final order as to all of the parties and we have jurisdiction over this appeal. 28 U.S.C. §§ 1291, 1292; Atl. Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 375-76 (11th Cir. 1989).

("UDAG"), a $340,000 accompanying loan from the City of Orlando "which also may have originated with HUD," and a $350,000 Home Investment Partnership loan ("HOME loan") for the rehabilitation of the Boca Club Apartments project.

First, Kaimowitz argues that justice cannot be served while the presiding judge, United States District Judge Schlesinger, of the United States District Court for the Middle District of Florida, or any other district court judge from the Middle District of Florida, presides over his case. According to Kaimowitz, Judge Schlesinger entered unexplained orders and summarily denied his motions. He also suggests that Judge Schlesinger was assigned this case for the specific purpose of denying relief. He claims that the district judges of the Middle District of Florida have kept his various FCA suits "under wraps" to protect the City of Orlando. Judge Schlesinger rejected each of Kaimowitz's grounds for recusal.

We review a judge's decision not to recuse for an abuse of discretion. United States v. Amedeo, 487 F.3d 823, 828 (11th Cir. 2007). A federal judge should disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). A federal judge should recuse himself when, inter alia, he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

Under 28 U.S.C. § 455(a), recusal is appropriate only if "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (citation and quotation omitted). Under 28 U.S.C. § 455(b)(1), "[t]he bias or prejudice must be personal and extrajudicial." Amadeo, 487 F.3d at 828 (citation and quotation omitted). It is well-settled that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).

Kaimowitz's argument that Judge Schlesinger should have recused himself is without merit. Kaimowitz has offered nothing, other than mere speculation, to support his claims concerning Judge Schlesinger, nor has he so much as alleged a fact that would call Judge Schlesinger's impartiality into question. The orders denying his various motions and other adverse rulings simply do not provide a basis to support the disqualification of a judge. See Liteky, 510 U.S. at 555. Simply put, the district judge did not abuse his discretion by refusing to recuse himself.

We likewise are unpersuaded by Kaimowitz's argument that there are genuine issues of material fact, precluding the grant of summary judgment. We review a district court order granting summary judgment de novo, viewing all of

4

the facts in the record in the light most favorable to the non-moving party, and drawing all inferences in that party's favor. Frederick v. Sprint/United Mgmt. Co., 246 F.3d 1305, 1311 (11th Cir. 2001). We will not make credibility determinations or weigh the evidence. Id. "Summary judgment is only proper if there are no genuine disputed issues of material fact, and the moving party is entitled to judgment as a matter of law." Id. We give credence to evidence favoring the non-movant as well as "uncontradicted and unimpeached" evidence from disinterested witnesses that supports the moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000). In the context of summary judgment, we must look at the record as a whole, reviewing all of the evidence in the record. Id. at 150. However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005).

The False Claims Act permits a private individual to file a civil action against, and recover damages on behalf of the United States from, any person who:

> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

5

31 U.S.C. § 3729(a)(1-2). "Knowingly" means that the defendant had actual knowledge of the information, acted in deliberate ignorance of the truth of the information, or acted in reckless disregard of the truth of the information. Id. § 3729(b).

"To establish a cause of action under the False Claims Act, a relator must prove three elements: (1) a false or fraudulent claim; (2) which was presented, or caused to be presented, by the defendant to the United States for payment or approval; (3) with the knowledge that the claim was false." United States v. R&F Properties of Lake County, Inc., 433 F.3d 1349, 1355 (11th Cir. 2005), cert. denied, 127 S.Ct. 554 (2006). The applicable statute of limitations period for an action brought under the FCA is no

> more than 6 years after the date on which the violation of section 3729 is committed, or . . . [no] more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, whichever occurs last.

31 U.S.C. § 3731(b)(1-2).

As an initial matter, any claim with respect to the 1988 UDAG and the accompanying city loan is squarely barred by the statute of limitations. Kaimowitz

filed this lawsuit on December 17, 2002, which was well past the ten-year statute of limitations.

To the extent Kaimowitz's lawsuit was not barred by the statute of limitations, the district court properly granted summary judgment because Kaimowitz failed to provide any evidence of a false claim by the Defendants to the United States. The Defendants filed affidavits from various individuals explicitly denying the presentation of a false claim to the United States with regard to the transactions surrounding the Boca Club project. Kaimowitz filed nothing in opposition to the sworn representations made in the affidavits. "The submission of a [false] claim is . . . the <u>sine qua non</u> of a False Claims Act violation." <u>United States, ex el. Atkins v. McInteer</u>, 470 F.3d 1350, 1357 (11th Cir. 2006) (quotation and citation omitted). "Without the presentment of . . . a claim, . . . there is simply not actionable damage . . . ." <u>Id.</u>

Throughout this litigation, Kaimowitz has claimed, without any factual support, that the Defendants' alleged wrongdoing in developing, financing, and marketing the Boca Club constituted a false claim presented to the United States. However, he has not cited or alleged a false or fraudulent claim, knowingly presented or caused to be presented by the Defendants to the United States for payment or approval. To survive summary judgment, Kaimowitz must offer more

7

than speculative allegations.  On this record, the district court did not err by granting summary judgment to the Defendants on the FCA claim.[2]

**AFFIRMED.**

---

[2]    No judge in regular service on the Court having requested that the Court be polled on initial hearing en banc, the Petition for Hearing En Banc is DENIED.  Fed. R. App. P. 35; 11th Cir. R. 35-5.

We DENY Kaimowitz's Motion for Reconsideration of the single-judge order, entered on July 13, 2007, returning his Motion to Modify A Clerk's Refusal to File a Suggestion of Hearing En Banc . . ." unfiled.