[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-16000

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 00-00021-CR-OC-32-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL SPIELVOGEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 7, 2008)**

Before BIRCH, CARNES, and COX, Circuit Judges.

PER CURIAM:

Michael Spielvogel challenges on this appeal his convictions on Counts Four

and Five of the indictment, and the sentences he received on these counts.

We previously have reviewed Spielvogel's case.  On October 2006, however, the district court granted Spielvogel relief pursuant to 28 U.S.C. § 2255.  More specifically, the district court held that Spielvogel's attorney mistakenly believed, at the time of the direct appeal of the convictions and sentences in 2001, that Spielvogel had not been sentenced on Counts Four and Five, and therefore, that he could not challenge these convictions and sentences. And, the court found, Spielvogel expressly asked his counsel to appeal.  Therefore, the court said, relying upon *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029 (2000), that counsel's failure to appeal resulted in the denial of Spielvogel's right to appeal as to Counts Four and Five.  The remedy the § 2255 court fashioned was to vacate the most recent judgments and sentences to permit an out-of-time appeal.  The court set aside the judgments of conviction and sentences and then reentered the judgments of conviction and the same sentences. (Opinion and order, R.6-379 at 1-14.) This appeal follows.

We have previously issued several opinions in this case.  *United States v. Pendergraft* (*Spielvogel I*), 297 F.3d 1198 (11th Cir. 2002); *United States v. Spielvogel* (*Spielvogel II*), No. 03-13135 (11th Cir. Mar. 3, 2004); and *United States v. Spielvogel* (*Spielvogel III*), No. 03-13135 (11th Cir. Mar. 14, 2005).

Spielvogel raises issues on this appeal that this court has addressed in previous opinions. We conclude that many of the issues raised are foreclosed by the law of the case.

Spielvogel contends that the district court erred at his resentencing by enhancing his sentence under USSG § 3C1.1 for obstruction of justice. Spielvogel's counsel appealed following resentencing pursuant to the mandate in *Spielvogel I*, and we addressed and rejected on the merits this enhancement argument in *Spielvogel II*. "The law of the case doctrine (and, by implication, the mandate rule) applies to findings made under the Sentencing Guidelines." *United States v. Amedeo*, 487 F.3d 823, 830 (11th Cir. 2007). The § 2255 court's order did not find his counsel on this appeal following resentencing to be deficient.

Spielvogel also contends that the district court abused its discretion in excluding the testimony of Dr. Caddy. His counsel made this argument–which related to all the counts–in his first appeal. We addressed it on the merits in *Spielvogel I*. The law of the case forecloses its presentation here.

Spielvogel argues that his convictions on Counts Four and Five were tainted by the spill-over prejudice from the Government's argument that his false statements were motivated by the intention to commit the crime of extortion, a crime which this court found was not supported by the facts of this case. Given the fact that the § 2255

court found that Spielvogel was deprived of his right to appeal his Count Four and Count Five convictions, we will assume arguendo that the law of the case and mandate rules do not foreclose this argument. The argument is meritless. Evidence of conduct establishing motive for the offenses of conviction is relevant.

Lastly, Spielvogel contends: that there is plain error under *Booker*; that the *Booker* remedy is itself unconstitutional; that under *Booker* we should review his sentence for reasonableness; and that his sentence is unreasonable. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). We reviewed Spielvogel's sentence in *Spielvogel II* and *Spielvogel III*, however, and he presented none of these arguments in those appeals. We explicitly said in *Spielvogel III* that "Spielvogel has abandoned his *Apprendi/Blakely/Booker* issue." No. 03-13135, slip op. at 4. Nothing in the § 2255 court's order requires that we revisit a sentence we affirmed in *Spielvogel II* and *Spielvogel III*, and the sentence before us is the same sentence. These arguments are also barred by the law of the case. *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560-61 (11th Cir. 1997) (holding that an issue not raised on direct appeal of sentence is barred by the law of the case from presentation in a subsequent appeal).

Spielvogel's convictions and sentences are **AFFIRMED**.

CARNES, Circuit Judge, concurring:

I concur in the result. Because the Court's opinion is not inconsistent with what I am about to say, I concur in it as well.

The issue of whether the district court should have granted Spielvogel relief on one of the claims raised in his 28 U.S.C. § 2255 petition without addressing all of the other claims in that petition is not before us, because there was no appeal from the § 2255 order. Nonetheless, the practice is not a good one. While the rule in Clisby v. Jones, 960 F.2d 925, 935–36 (11th Cir. 1992) (en banc), by its terms applies to 28 U.S.C. § 2254 petitions, its reasoning applies with full force to § 2255 petitions too. It has been more than six years since Spielvogel was first sentenced, more than four years since he was re-sentenced, and the case has been up and down the appellate ladder three times. Now that we have denied relief in this out-of-time appeal, Spielvogel will go back to the district court and insist that the other claims in the § 2255 petition, which he filed nearly two years ago, be decided. If he is not granted relief on those claims, he will probably file yet another appeal. Enough is enough. The district court ought to grant or deny relief, as appropriate, on every remaining claim in the § 2255 petition so that this case can be brought to a close.

Although the issue is not before us, I would not want the inference to be drawn that this Court approves the district court's reasoning in concluding that Spielvogel

5

had been denied effective assistance of counsel in his first direct appeal because his attorney did not raise any issues related to his conviction on counts four and five of the indictment. The district court's reasoning was that the non-strategic failure to raise any issue at all about a particular count of conviction was equivalent to the failure to file any appeal at all insofar as dispensing with a showing of prejudice is concerned. Putting aside the fact that the district court's factual premise is wrong—appellate counsel did raise one issue involving both counts four and five—the legal premise is wrong. The rule in Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029 (2000), does not apply to an appeal in which some but not all possible issues are raised. It applies to the failure to file an appeal from the judgment and raise any issue at all. Id. at 483, 120 S. Ct. at 1038 ("According to respondent, counsel's deficient performance deprived him of a notice of appeal and, hence, an appeal altogether. Assuming those allegations are true, counsel's deficient performance has deprived respondent of more than a fair judicial proceeding; that deficiency deprived respondent of the appellate proceeding altogether."); see Gamble v. Sec'y, Fla. Dep't of Corr., 450 F.3d 1245, 1249–50 (11th Cir. 2006) (applying Strickland prejudice requirement to habeas petitioner's claim that his appellate counsel was constitutionally ineffective for failing to raise one issue in direct appeal of his state capital murder conviction and affirming denial of relief); Coulter v. Herring, 60 F.3d

1499, 1506 (11th Cir. 1995) (rejecting habeas petitioner's claim that his counsel was constitutionally ineffective for failing to raise an issue during direct appeal of his conviction because petitioner did not show prejudice under Strickland).

By extension, the district court's reasoning would eviscerate the prejudice requirement of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1985), because a defendant could always argue that the failure of his counsel to raise an issue is equivalent to not having any representation at all insofar as that issue is concerned. The district court seems to have been operating under the misunderstanding that an appellant has a right to have his counsel raise on appeal any issue that the appellant wants. That is not so. See Jones v. Barnes, 463 U.S. 745, 103 S. Ct. 3308 (1983).

All of this that I say is dicta because the government did not appeal the grant of the out-of-time appeal in the § 2255 proceeding, but dicta can serve some valid purposes. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1314–15 (11th Cir. 1998) (Carnes, J., concurring specially) ("Dicta has its place and serves some purposes. Somewhat like statements in a law review article written by a judge, or a judge's comments in a lecture, dicta can be used as a vehicle for offering to the bench and bar that judge's views on an issue, for whatever those views are worth." (citation omitted)). In any event, the point is that this Court is not, by implication, approving

any of the decisional steps that led to the out-of-time appeal which we are deciding today.

Finally, I assume that to the extent the district court's order that Spielvogel be released "during the pendency of his appeal" has any continuing effect, the district court will reconsider it in light of the fact that his convictions and sentence have been affirmed and a presumption of finality applies. See Barefoot v. Estelle, 463 U.S. 880, 887, 103 S. Ct. 3383, 3391–92 (1983) ("When the process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence."); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998) (same). Six years is a long time to be released following a valid conviction.