[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10977
Non-Argument Calendar

_____

D. C. Docket No. 08-00044-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDMON VARDANYAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 27, 2009)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Edmon Vardanyan appeals his sentence to 240 months of imprisonment for

conspiracy to travel and for traveling in interstate commerce with the intent to kill, injure, and harass another person. 18 U.S.C. §§ 2, 371, 2261A(1). Vardanyan argues that his sentence is unreasonable. We affirm.

According to the presentence investigation report, Alex Shevgert, through an intermediary, Lark Cholak, paid Vardanyan to injure Shevgert's in-laws, Grigori and Galina Komissarchuk, because they refused to give Shevgert money. Cholak paid Vardanyan $2000 to travel from Tampa, Florida, to Newark, New Jersey, to attack the Komissarchuks. Vardanyan intended to enter the Komissarchuks' home disguised as a delivery man, but Grigori refused to admit Vardanyan. The next day, Shevgert and Vardanyan followed Grigori to a Home Depot and Vardanyan attacked Grigori who suffered multiple facial fractures and lacerations, serious abdominal injuries, and a ruptured pancreas. Grigori underwent surgery and remained in the hospital for a week to recover from his injuries. After his release, Grigori continued to suffer from dizziness and ringing in his ears.

Shevgert retained Cholak a second time to attack the Komissarchuks. Cholak again paid Vardanyan $2000, and Vardanyan traveled to New Jersey and watched the Komissarchuks' residence for several days, but was unable to find an opportunity to assault the couple. The next month, while the Komissarchuks were in their Florida home, Vardanyan entered their garage as they returned home from

a party at Shevgert's house.  Vardanyan beat Grigori and Galena with a hammer, fractured Grigori's skull, and caused Galena to suffer multiple lacerations and severe bruising.

Shevgert later asked Cholak to attack the Komissarchuks a third time. Cholak agreed to contact Vardanyan.  For $2000, Vardanyan flew from Florida to New Jersey and attacked Galina on the street outside her home.  Vardanyan beat Galina with a blunt object "so violently that her dentures flew out of her mouth." Galina was admitted to the hospital for three days to treat a fracture to her skull and a subdural hematoma, and she was placed on medication for seizures.

The presentence report listed a base offense level of 14.  United States Sentencing Guideline § 2A2.2 (Nov. 2008).  The report increased the base level by four points because Vardanyan used a dangerous weapon, id. § 2A2.2(b)(2)(B), by six points because the victims sustained serious injuries, id. § 2A2.2(b)(3)(E), and by two points because Vardanyan was paid for the attacks, id. § 2A2.2(b)(5), and decreased that level by three points for Vardanyan's acceptance of responsibility, id. § 3E1.1.  With a criminal history of II, the report listed a sentencing range between 78 and 97 months of imprisonment.  Vardanyan did not object to the report.

The government requested that the district court vary upward and sentence

Vardanyan to 20 years of imprisonment. Vardanyan responded that the facts relied on by the government for the variance had been factored into the calculation of his sentence. Vardanyan argued that he was "on the hook" to "other people" who were unhappy with the results of the first assault and required him to "finish the job." Vardanyan, a native of Russia, admitted to the district court that he had not "[done] honest things in this country" and he had failed to "learn [a] lesson because [he] got off real easy" a few years earlier for a credit card offense.

The district court sentenced Vardanyan to 20 years of imprisonment. The court found that the vicious "attacks indicated that [Vardanyan] had a total disregard for those people" and he "demonstrated . . . a depraved mind . . . for human life . . . ." The district court also found that Vardanyan could have refused to participate in later attacks. The court later explained that its decision to vary upward was based on four sentencing factors: the nature and circumstances of Vardanyan's offense and his history and characteristics; the seriousness of his offense; the need for adequate deterrence; and the need to protect the public from further crimes by Vardanyan.

The district court did not abuse its discretion by imposing a sentence above the range recommended by the Guidelines. Vardanyan beat an elderly couple viciously on three occasions, and they sustained head trauma and injuries to their

internal organs. Those crimes evidence a callous disregard for the lives of others and for the law. See 18 U.S.C. § 3553(a); Gall v. United States, 128 S. Ct. 586, 597 (2007). The district court considered the sentencing factors and reasoned that the "seriousness of [Vardanyan's] crime crie[d] out for" a 20-year sentence. Although Vardanyan complains that the court based the variance on factors accounted for by the Guidelines, the Supreme Court has held that the Guidelines are advisory and the district court is obliged to consider all of the statutory factors for sentencing. See 18 U.S.C. § 3553(a); United States v. Booker, 543 U.S. 220, 260–62, 125 S. Ct. 738 , 765–66 (2005); United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007). Vardanyan's sentence is reasonable.

We **AFFIRM** Vardanyan's sentence.