[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10375
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60121-WJZ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEVANE JENKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 26, 2017)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Devane Jenkins pleaded guilty to one count of aiding and abetting a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and one count of aiding and abetting the knowing use and possession of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced him to a total of 288 months imprisonment — 168 months for the robbery offense and 120 months for the firearm offense to run consecutively. Jenkins challenges his sentence for the robbery offense, contending that it is procedurally unreasonable because the district court did not adequately explain the reasons for the upward variance it imposed. He also contends that the sentence for the robbery offense is substantively unreasonable because the district court (1) failed to properly consider his history and characteristics and (2) imposed an upward variance based on conduct already considered in United States Sentencing Guidelines enhancements.

## I.

Jenkins and Keondrae Neely robbed a restaurant. In the course of the robbery, Jenkins hit an employee on the head with a gun and fired his gun three times at a car after the driver refused to move it from blocking them in. Jenkins and Neely's escape led to a high speed police chase, which ended with Jenkins crashing into another car, a foot pursuit, and finally their apprehension by the police. Once caught, both Jenkins and Neely confessed.

2

Jenkins pleaded guilty to both offenses.  The district court calculated his advisory guideline range as 70 to 87 months imprisonment for the robbery offense, followed by a mandatory consecutive 120 months imprisonment for the firearm offense.  Jenkins asked for a 60 month sentence for the robbery offense based on his history and characteristics, and the government sought a 240 month sentence for that offense — the statutory maximum — arguing that Jenkins' criminal history category understated his prior criminal record.  The district court sentenced Jenkins to 168 months imprisonment for the robbery offense to run consecutively with a sentence of 120 months for the firearm offense.

## II.

We review for abuse of discretion the reasonableness of a sentence.  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  Under that standard, we will sometimes "affirm the district court even though we would have gone the other way had it been our call."  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors" but balancing them unreasonably. Id.

3

When reviewing the reasonableness of a sentence, we first ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range or inadequately explaining the chosen sentence. Gall, 552 U.S. at 51, 128 S. Ct. at 597. We then examine whether the sentence was substantively reasonable in light of the totality of the circumstances. Id. "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010)

## A.

Jenkins first contends that his 168 month sentence on the robbery count was procedurally unreasonable because the district court did not adequately explain the reasons for the upward variance. If a district court determines that a sentence outside the guidelines range is warranted, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Gall, 552 U.S. at 50, 128 S. Ct. at 597. "[A] major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, [the district court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Id.

4

The district court's explanation of the upward variance was sufficient. In sentencing Jenkins to 168 months imprisonment for the robbery offense, the court explained that it had considered the statements of all parties, the advisory guideline range, and all of the § 3553(a) factors. The court acknowledged that it was imposing an upward variance for the reasons given by the government in its motion for an upward variance. Those reasons were extensive.

For example, in its motion, the government explained that Jenkins had been given many chances at rehabilitation in the past but continued to reoffend, had narrowly avoided killing two victims during the commission of two violent crimes, and had committed a violent crime even while he was incarcerated. It also noted that his prior criminal history record included several burglary convictions and one conviction for armed robbery with a firearm, but "[i]n several cases, [Jenkins] either received no criminal history points or only received one criminal history point under Section 4A1.1(e) [of the guidelines] because there was no intervening arrest and the cases were deemed to be related." It argued that his criminal history showed that he was violent and dangerous, and indicated a strong likelihood that he would commit future crimes.

At the sentence hearing, the government similarly explained that Jenkins' "criminal history [category] clearly understates the amount of danger that [he]

5

presents to this community." The government discussed at length that history and his "pattern of violence," describing Jenkins' "first contacts with the system" at age twelve and many other instances of violent crimes ever since. For example, it described his robbery of another child whom he shot in the eye with a BB gun when he was twelve years old. At sixteen years old, he entered a restaurant with a gun and attempted to rob everyone inside. The government explained that, during that robbery, he stood over one victim with his firearm and pulled the trigger, but the gun malfunctioned and didn't fire. It noted that the victim in this case, much like the victim in that robbery, narrowly escaped death. It also described his violent assault of another inmate while Jenkins was incarcerated, where Jenkins "was armed with a metal shank that he had made while in custody." The government noted that, just five months after he was released from that imprisonment, he committed the armed robbery in this case.

Based on his prior crimes, many of which were violent, the government stated that his pattern of violence appeared to be escalating. It acknowledged that the court should consider Jenkins' unfortunate background in determining his sentence, although it noted that Jenkins' mother denied several of his statements about his upbringing. It asserted that the § 3553(a) factors — particularly the need for the sentence to reflect the seriousness of the offense, to promote respect for the

6

law, to provide just punishment, to afford adequate deterrence to others, and to protect the public — warranted an upward variance to 240 months, the statutory maximum, for the robbery offense.

The record also reflects that the district court listened to the arguments of both the government and the defense at the sentence hearing, interjected with questions during defense counsel's arguments, and understood Jenkins' characteristics and difficult background. See Rita v. United States, 551 U.S. 338, 357–58, 127 S. Ct. 2456, 2468–69 (2007) (holding that a sentencing judge's brief explanation was legally sufficient because the record showed that the judge listened to each argument, considered supporting evidence, and was aware of the defendant's characteristics and background). For example, at the sentence hearing defense counsel extensively described Jenkins' background, emphasizing the physical and sexual abuse that Jenkins suffered when he was younger, as well as his addiction to drugs. After listening to those statements, the court asked defense counsel to explain why Jenkins should receive a shorter sentence than Neely received, as Jenkins "was the prime mover in this scheme" and "was far more culpable" than Neely. The court explained that it did not dispute that Jenkins came from a terrible background, but it decided to vary upwards from the guidelines range based on his extensive criminal history.

7

Based on that reason, the government's reasons, and the other reasons the court provided at the sentence hearing, the court concluded that an upward variance was justified.  Because the district court gave a "significant justification" for its upward variance, and because its reasons for imposing the sentence were clear from the record, its explanation of the upward variance was sufficient.  Gall, 552 U.S. at 50, 128 S. Ct. at 597.  As a result, the sentence was not procedurally unreasonable.

## B.

Jenkins next contends that his 168 month sentence was substantively unreasonable.  He argues that the district court failed to properly consider his history and characteristics.  In imposing a particular sentence, a district court must consider several factors.  See 18 U.S.C. § 3553(a).  One of those factors is the "history and characteristics of the defendant."  Id. § 3553(a)(1).  As we have already explained, the district court did consider Jenkins' history and characteristics in determining his sentence.  Its decision to give other factors greater weight was within its discretion.  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court.").  As a result, his argument fails.

Jenkins also contends that the sentence was substantively unreasonable because, in imposing the upward variance, the district court considered conduct that had already been considered in determining his advisory guidelines range. This Court has previously explained that, when imposing a variance, a district court can rely on certain aspects of a defendant's conduct that it has already considered in imposing an enhancement, particularly where a defendant's conduct was egregious or extraordinary. United States v. Amedeo, 487 F.3d 823, 833–34 (11th Cir. 2007). As a result, the district court did not abuse its discretion when considering a variance by relying on conduct already included as the basis for an enhancement.

**AFFIRMED.**