[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11901
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-00338-ODE-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY JAMES SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 16, 2020)

Before BRANCH, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Terry James Smith appeals his ten-month sentence imposed upon the revocation of his term of supervised release. He argues that his sentence is substantively unreasonable considering his history, the nature and circumstances of his offense, and the need for just punishment. After review,[1] we affirm.

On substantive reasonableness review, we will vacate a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted). A defendant challenging his sentence bears the burden of showing that it is substantively unreasonable. *United States v. Asante*, 782 F.3d 639, 648 (11th Cir. 2015).

The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public. 18 U.S.C. § 3553(a)(2). The court must also consider factors including the nature and circumstances of the offense, the history and characteristics of the defendant, the

---

[1] We review the substantive reasonableness of a sentence for an abuse of discretion, taking into account the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007).

2

kinds of sentences available, the guideline range, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). The weight given to any particular factor is left to the sound discretion of the district court. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007); *see also United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (stating that district court has "great discretion" in weighing factors).

The sentence imposed by the district court is not substantively unreasonable. Smith violated multiple conditions of supervised release, and this was not the first time his supervised release had been revoked. After hearing argument from both sides, the court concluded that Smith's conduct showed a propensity for not following instructions and reflected a lack of respect for the conditions of supervised release. The record demonstrates that the court considered the § 3553(a) factors and assigned weight to factors such as the nature and circumstances of the offense, Smith's history and characteristics, and the need to promote respect for the law. The court acted within its discretion in declining to assign greater weight to other aspects of Smith's history, view his violations as "minor," or focus on other sentencing objectives. *See Goldman*, 953 F.3d at 1222 (providing that district court abuses its discretion where it "(1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by

unreasonably balancing the proper factors").  That Smith's sentence falls well below the statutory maximum of 60 months' imprisonment further indicates its reasonableness.  *See id.* (providing that a sentence falling significantly below the statutory maximum is indicative of reasonableness).  Accordingly, we affirm.

**AFFIRMED.**