[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10173

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

IVIS ANDURAY RODRIGUEZ-ORDONEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cr-14036-AMC-1

_____

Before NEWSOM, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Ivis Rodriguez-Ordonez appeals from the 24-month within-guidelines sentence that was imposed after he pleaded guilty to possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5). On appeal, Rodriguez-Ordonez argues that his sentence is substantively unreasonable because the district court failed to focus on the mitigating facts of his case, did not take the government's recommendation for a shorter sentence, and improperly focused on facts underlying an enhancement. After careful review, we affirm.

We review a sentence's reasonableness for abuse of discretion, regardless of whether that sentence falls inside or outside of the guideline range. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the [18 U.S.C.] § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). Under this standard, we may affirm a sentence even though we would have imposed a different sentence had we been in the district court's position. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" *United States v. Pugh*, 515 F.3d

1179, 1190 (11th Cir. 2008) (quoting *Gall*, 552 U.S. at 51). The district court must impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with any needed correctional treatment or training. 18 U.S.C. § 3553(a)(2). It must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable guidelines range, any pertinent policy statements, and the need to avoid sentencing disparities between similarly-situated defendants. *Id*. § 3553(a)(1), (3)–(7).

The weight given to each factor lies within the district court's sound discretion, and it may reasonably attach great weight to a single factor. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). Nevertheless, a district court abuses its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors." *Irey*, 612 F.3d at 1189 (quotations omitted). It is not impermissible for a district court to rely on factors it had already considered in imposing an enhancement when crafting a sentence or imposing a variance based on the § 3553(a) factors. *See United States v. Amedeo*, 487 F.3d 823, 833–34 (11th Cir. 2007).

"A district court's failure to specifically mention certain mitigating factors do[es] not compel the conclusion that the sentence crafted in accordance with the § 3553(a) factors was substantively

unreasonable." *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024) (quotations omitted, alteration in original). Notably, "[t]he district court is not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence," and "[i]nstead, [a]n acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *Id.* (quotations omitted). Similarly, the refusal to grant a downward variance alone does not demonstrate that the district court failed to afford consideration to mitigating factors. *United States v. Lebowitz*, 676 F.3d 1000, 1016–17 (11th Cir. 2012).

Although we do not automatically presume that a sentence within the guidelines range is reasonable, we ordinarily expect it to be a reasonable one. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A district court's sentence does not become unreasonable merely because the court did not accept the prosecutor's or defense counsel's recommendation as to the length of the sentence. *See United States v. Valnor*, 451 F.3d 744, 745–46, 751–52 (11th Cir. 2006).

Here, Rodriguez-Ordonez has not shown that his within-guidelines 24-month sentence is substantively unreasonable. For starters, the district court said several times that it had considered the facts and arguments presented at sentencing, the presentence investigation report, and all of the § 3553(a) factors. In so doing, the court expressly acknowledged that Rodriguez-Ordonez was cooperative and respectful to law enforcement during the government's investigation, and that it considered this mitigation to be

"noteworthy." However, the court found Rodriguez-Ordonez's conduct -- which, along with possession a firearm, included his attempt to distribute what he believed to be cocaine (even though the white powdery substance found in multiple small baggies in his car later tested negative for cocaine) -- to be "serious in the court's mind." The court added that it was "unfortunate" that "[a]ll of this happened within a few years of [Rodriguez-Ordonez's] arrival to this country," and that "rather than contributing in a positive way to this community, [he] elected to engage in what [he] believe[d] to be a for-profit activity," as evidenced by the cash found in his car. The court thus determined that there was "an important need to deter [Rodriguez-Ordonez] from committing additional criminal conduct as well as general deterrence," and imposed a sentence at the high end of the 18- to 24-month guidelines range.

As the record reflects, the district court did not fail to consider relevant factors that were due significant weight, it did not give significant weight to an improper factor, nor did it clearly err in considering the proper factors. *Irey*, 612 F.3d at 1189. Indeed, the court balanced the mitigation factors against the other factors, and was permitted to attach greater weight to the seriousness of the offense conduct and the need for deterrence. *See Kuhlman*, 711 F.3d at 1327. To the extent Rodriguez-Ordonez argues that the court's refusal to grant a downward variance renders his sentence unreasonable, there is no authority in support of this argument, especially where, as here, the court considered all the relevant factors. *See Lebowitz*, 676 F.3d at 1016–17 ("A lack of a downward variance alone does not demonstrate that the district court failed to

afford consideration to these factors."). Nor is a sentencing court required to accept a party's recommendation for a sentence at the low end of the guidelines range. *See Valnor*, 451 F.3d at 745–46, 751–52 (affirming the imposition of an *above*-guidelines sentence despite the government's recommendation of a sentence at the low end of the guidelines range). And to the extent Rodriguez-Ordonez says that the court improperly focused "entirely" on the dismissed cocaine charge, the record does not support this claim. Regardless, it was permissible for the court to consider the facts surrounding this charge both when crafting and imposing the sentence. *Amedeo*, 487 F.3d at 833–34.

Finally, Rodriguez-Ordonez's 24-month sentence was within the guidelines recommendation, which further suggests that it was reasonable. *See Hunt*, 526 F.3d at 746. Accordingly, the district court did not abuse its discretion in imposing Rodriguez-Ordonez's sentence, and we affirm.

**AFFIRMED.**