[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12569

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

*versus*

TAMYLON DEMEATRIZ WILLIAMS,

                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:23-cr-00059-AW-MAF-1

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Tamylon Williams appeals his sentence of 96 months' imprisonment for possession of a firearm by a person convicted of a crime punishable by more than one year of imprisonment. *See* 18 U.S.C. § 922(g)(1). He argues that the district court imposed a substantively unreasonable sentence that was more than twice the top of the guideline range by weighing too heavily the nature and circumstances of his offense and inadequately considering the mitigating factors. The facts of the case are known to the parties, and we repeat them here only as necessary to decide the case. After carefully considering the record and the parties' arguments, we affirm.[1]

"The party challenging a sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts." *United States v. Taylor*, 997 F.3d 1348, 1352–53 (11th Cir. 2021). A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d

---

[1] We review the substantive reasonableness of a sentence "under an abuse-of-discretion standard" considering "the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007).

1160, 1189 (11th Cir. 2010) (en banc) (quotation marks and citation omitted).

The proper factors for considering whether a sentence is unreasonable are set out in § 3553(a). Under that provision,

> [t]he district court's task is to impose a sentence that will adequately (1) 'reflect the seriousness of the offense,' (2) 'promote respect for the law,' (3) 'provide just punishment,' (4) 'afford adequate deterrence,' (5) 'protect the public from further crimes of the defendant,' and (6) provide the defendant with any needed training and treatment in the most effective manner.

*United States v. Rosales-Bruno*, 789 F.3d 1249, 1253–54 (11th Cir. 2015) (quoting 18 U.S.C. § 3553(a)(2)(A)–(D)). To promote these goals, "the district court [must] consider a variety of factors," such as:

> (1) the nature and circumstances of the offense, (2) the defendant's history and characteristics, (3) the kinds of sentences available, (4) the applicable sentencing guidelines range, (5) pertinent policy statements of the Sentencing Commission, (5) the need to provide restitution to any victims, and (6) the need to avoid unwarranted sentencing disparities.

*Id*. at 1254 (referencing 18 U.S.C. § 3553(a)).

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court . . . ." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007)

4                     Opinion of the Court                  24-12569

(quotation marks and citation omitted).  "Although the district court must evaluate all § 3553(a) factors in imposing a sentence, it is permitted to attach great weight to one factor over others." *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013) (quotation marks and citation omitted).  Further, it "is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013) (quotation marks and citation omitted).  "We do not presume that a sentence outside the guideline range is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020).  "Although there is no proportionality principle in sentencing, a major variance does require a more significant justification than a minor one . . . ." *Irey*, 612 F.3d at 1196 (quotation marks and citation omitted).

Williams presents two arguments why the district court abused its discretion in its consideration of the § 3553(a) factors. *First*, he argues that "[t]he district court gave too much weight to the circumstances surrounding the offense, despite Mr. Willi[am]s facing serious charges for those circumstances in state court." Br. of Appellant at 10–11.  But he cites no precedent for why the related state court proceedings are relevant to the district court's § 3553(a) analysis.  At sentencing, the district court discussed the nature and circumstances of Williams's offense conduct, emphasizing his "extremely, extremely dangerous conduct" of not only possessing a firearm but also shooting it in an altercation that resulted in a

person's death, after apparently perceiving a threat and electing to stay and arm himself rather than walk away. *See* Sentencing Hr'g, at 28:18–29:8, Doc. 58. It also took into account the dangerous nature of the weapon with "its high-capacity magazine," *id.* at 29:9–11, something that is reasonable for it to consider despite the fact that it "had already been considered in imposing an enhancement." *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (emphasis omitted). And it relied on his "dangerous history," which included "domestic violence injunctions" and some criminal history that "didn't score." Sentencing Hr'g at 29:12–20. The court also considered the need for deterrence. *Id.* at 30:12–19. These are all proper factors to consider under § 3553(a), and the district court's decision to attach great weight to them was well within its discretion. *Clay*, 483 F.3d at 743.

*Second*, Williams asserts that "[t]he district court also erred when it gave little or no consideration to Mr. Williams's recent efforts to turn away from a life of crime." Br. of Appellant at 11–12. But as he acknowledges, the court *did* consider mitigating factors in not making the sentence even higher. *See id.* at 12; Sentencing Hr'g at 30:20–24. In particular, it highlighted the report from Williams's probation officer that he "is someone who genuinely appears to be motivated to change and lead a productive life." *Id.* at 30:25–31:4. And the court said it "considered the character letters," too. *Id.* at 31:5–6. This is far from "little or no consideration" of the mitigating factors. *See* Br. of Appellant at 11. Regardless, the district court need not explicitly discuss each factor—mitigating or otherwise—so long as it considers all the § 3553(a) factors.

*Kuhlman*, 711 F.3d at 1327; *Overstreet*, 713 F.3d at 638.  And the district court stated on the record that it did consider all the § 3553(a) factors.  *See* Sentencing Hr'g at 31:6–8.

★  ★  ★

For these reasons, Williams's sentence is **AFFIRMED**.