[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15950
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-20202-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN EHRLICH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 15, 2009)

Before DUBINA, Chief Judge, CARNES and FAY, Circuit Judges.

PER CURIAM:

Appellant Steven Ehrlich appeals his conviction for knowingly and willfully using, without lawful authority, the identification of another person during and in relation to a felony, in violation of 18 U.S.C. § 1028A(a)(1).

Ehrlich argues that 18 U.S.C. § 1028A(a)(1) requires that the government prove that he knew the identification information he used belonged to another person, an argument we rejected in *United States v. Hurtado*, 508 F.3d 603 (11th Cir. 2007), *abrogated by Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009). Ehrlich contends that the stipulated facts at his bench trial did not establish that he acted with the requisite knowledge and asks that his conviction for violating 18 U.S.C. § 1028A(a)(1) be vacated in light of the Supreme Court's recent decision in *Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009).

We review questions of statutory interpretation *de novo*. *Hurtado*, 508 F.3d at 607 n.5. "[T]o support a conviction under § 1028A(a)(1), the government must prove that the defendant: (1) knowingly transferred, possessed, or used; (2) the means of identification of another person; (3) without lawful authority; (4) during and in relation to a felony enumerated in § 1028A(c)." *Id.* at 606– 07. Previously, we had held that the government did not need to prove that the defendant "knew that the means of identification that he possessed and used belonged to another actual person." *Id.* at 610. The Supreme Court, however, recently has held that §

1028A(a)(1) requires the government "to show that the defendant knew that the means of identification at issue belonged to another person." *Flores-Figueroa*, 129 S. Ct. at 1894. We may "depart from a prior panel decision based upon an intervening Supreme Court decision only if that decision actually overruled or conflicted with it." *United States v. Marte*, 356 F.3d 1336, 1344 (11th Cir. 2004) (quotation omitted). We remand for further proceedings where the district court did not make findings of fact on an issue. *See United States v. Barner*, 441 F.3d 1310, 1322 (11th Cir. 2006).

Because the Supreme Court has now held that the government must show the defendant knew the identification he used belonged to another person to sustain a conviction under § 1028A(a)(1), we vacate Ehrlich's conviction on that count and remand this case to the district court for it to determine in the first instance if Ehrlich knew that the identification he used belonged to another person.

**VACATED and REMANDED.**