[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2010
JOHN LEY
CLERK

No. 09-16343
Non-Argument Calendar

_____

D. C. Docket No. 08-20202-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN EHRLICH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 23, 2010)

Before DUBINA, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

This is Steven Ehrlich's second appeal of his conviction for aggravated

identity theft committed in connection with the predicate crime of access device fraud, in violation of 18 U.S.C. §§ 1028A(a)(1) and 1029(a)(2). In his earlier appeal, we vacated Ehrlich's conviction for aggravated identity theft and remanded the case for the district court to determine, in light of *Flores-Figueroa v. United States*, 556 U.S. ___, ___, 129 S. Ct. 1886, 1888-89 (2009), whether Ehrlich knew that the identification he used belonged to another person. *See United States v. Ehrlich*, 334 F. App'x. 216, 217 (11th Cir. 2009) ("*Ehrlich I*"). On remand, the district court, at a bench trial, determined that the stipulated facts established the requisite knowledge element, and re-adjudicated Ehrlich guilty of aggravated identity theft under § 1028A(a)(1). On appeal, Ehrlich makes the following two arguments: (1) the district court erred by failing to dismiss *sua sponte* his § 1028A(a)(1) charge because the government waived its opportunity to prove the knowledge element by failing to argue, at the first bench trial, that the stipulated facts established that element; and (2) evidence presented at the trial on remand was insufficient to establish the knowledge element.

I.

Ehrlich first argues that the government waived the opportunity to prove the knowledge element for aggravated identity theft under 18 U.S.C. § 1028A(a)(1). The basis for that waiver, according to Ehrlich, is the fact that the government did

2

not argue at the first bench trial that the stipulated facts established the knowledge element. Ehrlich does not assert that this court's mandate in *Ehrlich I* was unlawful, but rather, he contends that the mandate did not address, and therefore did not supplant, the doctrine of waiver. Finally, while he concedes that he did not raise before the district court his arguments concerning waiver, he contends that the district court, on remand, nevertheless committed plain error by not *sua sponte* dismissing the § 1028A(a)(1) charge on the basis of waiver.

We review *de novo* the district court's compliance with our mandate. *United States v. Amedeo*, 487 F.3d 823, 829 (11th Cir. 2007). "The mandate rule is simply an application of the law of the case doctrine," that "operates to create efficiency, finality, and obedience within the judicial system so that an appellate decision binds all subsequent proceedings in the same case." *Id.* at 829-30 (internal quotation marks and alterations omitted).

"Accordingly, when acting under an appellate court's mandate, a district court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." *Id.* at 830 (internal quotation marks omitted). Finally, "[t]his court has recognized three exceptions to the mandate rule: (1) a subsequent trial

3

produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior appellate decision was clearly erroneous and would work manifest injustice." *Id.* (internal quotation marks and alteration omitted).

In this case, we conclude that the mandate rule forecloses Ehrlich's arguments concerning waiver. Specifically, our mandate in *Ehrlich I*, directing the district court to determine whether the stipulated facts established the knowledge element required to sustain Ehrlich's conviction under § 1028A(a)(1), effectively gave the government another opportunity to prove that element. Accordingly, Ehrlich's true bone of contention is not with the district court's undertakings on remand, but rather with our mandate in *Ehrlich I*. Ehrlich does not, and cannot, challenge this mandate on appeal. Further, we conclude that none of Ehrlich's other arguments on appeal concerning this issue have merit.

## II.

On the merits, Ehrlich argues that the evidence was insufficient as a matter of law to prove the knowledge element for his conviction under 18 U.S.C. § 1028A(a)(1). Specifically, he asserts that, under *Flores-Figueroa v. United States*, the government, in order to prove the knowledge element circumstantially, needed to provide evidence of the manner in which he obtained his victim's

4

identification information.  Additionally, he asserts that the district court's finding of the knowledge element based on his use of the victim's identification to obtain various lines of credit amounted to speculation because a person successfully may obtain credit based on a completely fictitious identity.  Finally, he attempts to distinguish *United States v. Holmes*, 595 F.3d 1255 (11th Cir. 2010), on the ground that, in that case, the defendant, over a period of years, submitted the victim's identification information to rigorous governmental verification processes.  *Id.* at 1257.

We review *de novo* the sufficiency of the evidence to uphold a conviction. *See United States v. Tampas*, 493 F.3d 1291, 1297 (11th Cir. 2007).  "We will not reverse a conviction for insufficient evidence in a non-jury trial unless, upon reviewing the evidence in the light most favorable to the government, no reasonable trier of fact could find guilt beyond a reasonable doubt."  *United States v. Schaltenbrand*, 930 F.2d 1554, 1560 (11th Cir. 1991).  Additionally, "[t]he evidence may be sufficient even if it does not exclude every reasonable hypothesis of innocence."  *Id.*

To establish a violation of § 1028A(a)(1), "the government must prove that the defendant: (1) knowingly transferred, possessed, or used; (2) the means of identification of another person; (3) without lawful authority; (4) during and in

5

relation to a felony enumerated in § 1028A(c)." *United States v. Hurtado*, 508 F.3d 603, 606-07 (11th Cir. 2007) (footnote omitted), *abrogated on other grounds by Flores-Figueroa*, 556 U.S. ___, 129 S. Ct. 1886.  Moreover, in *Flores-Figueroa*, the Supreme Court held that "§ 1028A(a)(1) requires the Government to show that the defendant knew that the means of identification at issue belonged to another person."  556 U.S. at ___, 129 S. Ct. at 1894.

In *Holmes*, we gave some guidance as to proof of the knowledge element.  In that case, evidence at trial showed, among other things, that the defendant used the victim's identification information to obtain a line of credit to purchase a car.  595 F.3d at 1256-57.  Reviewing *Holmes's* sufficiency-of-the-evidence challenge as to the knowledge element, we held, that "a reasonable jury could have found that [the defendant] would not have sought credit using [the victim's] personal information if [the defendant] were not confident that [the victim] likely had an actual credit history."  *Id.* at 1258.

Additionally, in *United States v. Gomez-Castro*, we clarified that *Holmes* "establishes that the government can rely on circumstantial evidence about an offender's misuse of a victim's identity to prove the offender knew the identity belonged to a real person." ___ F.3d ___, ___, No. 09-12557 (11th Cir. May 13, 2010).  Further, we noted that *Flores-Figueroa*'s discussion of the ease of proving

6

the knowledge element based on evidence of how the defendant obtained the victim's identification information "does not foreclose the possibility of proving knowledge in a more difficult case." *Id.* at ___.

Here, we conclude from the record that sufficient evidence supported the district court's finding concerning the knowledge element. Notably, the stipulated facts established that Ehrlich successfully used his victim's identification to obtain fairly large amounts of credit on various occasions.

For the above-stated reasons, we affirm Ehrlich's conviction.

**AFFIRMED.**