[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10595
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cr-00012-RS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY E. SORRELL,
a.k.a. Timothy Sorrell,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 20, 2012)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy Sorrell appeals his 100-month sentence, imposed towards the low

end of the applicable guideline range of 97 to 121 months, after pleading guilty to

1 count of knowing receipt of child pornography, in violation of 18 U.S.C.

§ 2252A(a)(2)(A).  Sorrell argues that his sentence is substantively unreasonable. Because he is 63 years old, has no criminal history, and has a low risk of sexually abusing a child, Sorrell asserts that the 60-month statutory minimum sentence is sufficient to accomplish the goals of 18 U.S.C. § 3553(a).

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).  The party challenging a sentence has the burden to show that it was unreasonable.  *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).  We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011) (quotation omitted).  The court commits such an error of judgment where it imposes a sentence that does not achieve the goals of § 3553(a).  *Id*. at 1189.

Based upon these standards, we cannot say that the district court abused its discretion in the imposition of Sorrell's sentence.  It was within the applicable guideline range and is supported by the record and the goals of § 3553(a). His sentence adequately reflects the seriousness of the offense and the need to provide just punishment.  18 U.S.C. § 3553(a)(2)(A).  For over three years, Sorrell

downloaded and saved images and videos of children being sexually abused.  He

received nine videos of child pornography, depicting six identified victims whose

lives were severely impacted by his offense.  He had four videos of pre-pubescent

children suffering the violence of penetration by adult males.

As Sorrell acknowledged at his sentencing hearing, incarceration serves as a

serious deterrent in child pornography cases.  *Id*. § 3553(a)(2)(B).  This is

particularly pertinent in this case because Sorrell's statements indicate that he may

not grasp the seriousness of his offense.  While he knows what he did was wrong,

he believes that most people commit this offense innocently because the

punishment for the offense is not adequately publicized.

While Sorrell argues that his age warrants a downward variance, he did not

present any evidence showing that 63 is an atypical age for those convicted of

receipt of child pornography.  Further, considering that he was accountable for 675

images, a number that requires the largest level increase available under the

Sentencing Guidelines, a downward variance would likely create unwarranted

sentence disparities between Sorrell and similarly situated defendants.  *Id*.

§ 3553(a)(6);  U.S.S.G. § 2G2(b)(7)(D).

**AFFIRMED.**

3