[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13087
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-00377-MSS-TBM


BERNARD F. CAMPBELL,

Plaintiff-Appellant,

versus

SECRETARY OF DEPARTMENT OF
VETERANS ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 20, 2015)

Before ED CARNES, Chief Judge, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Bernard F. Campbell, proceeding pro se, appeals the district court's denial of his Federal Rule of Civil Procedure 60(d)(3) motion for relief from judgment in his employment discrimination case. Campbell contends that the judgment against him should be vacated because of judge-perpetrated fraud on the court. Campbell also contends for the first time on appeal that the district judge erred by not sua sponte disqualifying herself from ruling on his Rule 60(d)(3) motion.

In 2011 Campbell filed a pro se lawsuit against his former employer, the Department of Veteran Affairs, alleging race discrimination, gender discrimination, religious discrimination, and retaliation under Title VII of the Civil Rights Act of 1964. Following discovery, the VA moved for summary judgment and the district court granted the motion. Campbell appealed and we affirmed. See Campbell v. Shinseki, 546 F. App'x 874 (11th Cir. 2013) (unpublished). Applying de novo review, we concluded that the VA had given legitimate, nondiscriminatory reasons for terminating Campbell and that Campbell had not presented any evidence that the VA's reasons were pretext for discrimination. Id. at 876–78.

Campbell returned to district court and filed a post-judgment motion pursuant to Rule 60(d)(3), which permits a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). He argued that the district judge, along with the three judges on this Court who affirmed the district court's judgment,

defrauded the court by ignoring his evidence, failing to consider his arguments, and preventing his case from going to a jury. Campbell did not ask the district judge to disqualify herself from deciding his motion. Finding no evidence of fraud on the court, the district court denied Campbell's motion. This is his appeal.

Campbell's contends that the district court abused its discretion by denying his Rule 60(d)(3) motion.[1] A party who seeks relief from judgment on the basis of fraud must establish the fraud by clear and convincing evidence. Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987). "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." Id. at 283–84 (alterations and quotation marks omitted); see also Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) ("Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court.").[2]

---

[1] We review a district court's denial of a Rule 60(b)(3) motion for an abuse of discretion. Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007). Like a Rule 60(d)(3) motion, a Rule 60(b)(3) motion deals with fraud on the court. We therefore apply the same abuse of discretion standard to Campbell's Rule 60(d)(3) motion.

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

3

Campbell's allegations of judicial misconduct are the very definition of "conclusory averments . . . [that] do not serve to raise the issue of the existence of fraud." Booker, 825 F.2d at 283–84. Any "facts" offered in support of Campbell's belief that the district judge conspired with the three judges on this Court to commit fraud on the court are allegations that go to the merits of his employment discrimination claims, not to the issue of fraud. In other words, Campbell's motion is a misguided effort to relitigate claims already raised and rejected. As the district court correctly observed, a Rule 60(d)(3) motion is not a proper vehicle to seek review of this Court's final judgment affirming the district court's judgment against him. The denial of Campbell's motion was not an abuse of discretion.

Campbell also contends that the district judge committed plain error by failing to sua sponte recuse herself under 28 U.S.C. § 455 because, as a named participant in the alleged fraud, she had "constructive notice of a conflict of interest."[3] Although a judge must disqualify herself in any proceeding in which her impartiality might reasonably be questioned or where she actually has a personal bias or prejudice against a party, see 28 U.S.C. § 455(a) and (b)(1), it is well established that neither "judicial rulings" nor "opinions . . . as a result of what [a judge] learned in earlier proceedings," standing alone, constitute a valid basis for bias or prejudice. Liteky v. United States, 510 U.S. 540, 551, 555, 114 S. Ct.

---

[3] Campbell concedes that he did not move for recusal; therefore, our review is for plain error. Hamm v. Members of Bd. of Regents, 708 F.2d 647, 651 (11th Cir. 1983).

4

1147, 1155, 1157 (1994). Instead, "[t]he bias or prejudice must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." United States v. Amedeo, 487 F.3d 823, 828 (11th Cir. 2007) (quotation marks omitted); Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) ("[I]t is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature.") (quotation marks omitted).

Here, Campbell presented no evidence that the district judge was influenced by any personal or extrajudicial bias. Campbell's only arguments pertaining to impartiality or bias stem from the earlier rulings in this case. Adverse rulings, without some evidence of improper influence, do not constitute bias. Liteky, 510 U.S. at 555, 114 S. Ct. at 1157; Hamm, 708 F.2d at 651. The district judge's failure to disqualify herself from ruling on Campbell's post-judgment motion was not error, much less plain error.

Finally, Campbell's motion to disqualify Judge Stanley Marcus from hearing the present appeal is **DENIED**.[4] Campbell's baseless contention that Judge Marcus should be disqualified because he exercised "intellectual dishonesty and improper analysis" in affirming the district court's judgment on Campbell's

---

[4] Campbell also moved to disqualify Judges Hull and Jordan. Because neither Judge Hull nor Judge Jordan are serving on this panel, those motions are **DENIED AS MOOT**.

employment discrimination claims is a far cry from the type of extrajudicial bias that warrants even the consideration of disqualification.

**AFFIRMED.**