[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12259
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-00001-HLM-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE CARRILLO-HIBARA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 5, 2017)

Before HULL, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Jose Carrillo-Hibara appeals his 24-month sentence, imposed at the low end of his advisory guideline range, after pleading guilty to one count of re-entry following removal, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On appeal, he argues that his sentence was substantively unreasonable in light of his criminal history, because he entered the United States merely to support his family in Mexico, and because a term of 24 months' imprisonment will further prevent him from supporting his family and paying for his disabled sons' medical care. After review of the record and the parties' briefs, we affirm Mr. Carrillo-Hibara's sentence.

## I

We review a sentence for reasonableness under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 46 (2007). Mr. Carrillo-Hibara bears the burden to show that his sentence was unreasonable in light of the record and the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), as well as, among others, "the need for the sentence to reflect the seriousness of the offense, promote respect for the law, [and] provide just punishment for the offense." *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005).

An abuse of discretion may be shown when the district court "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Because our review is deferential, we will only vacate the sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment." *Osorio-Moreno*, 814 F.3d at 1287 (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

## II

To determine the advisory guideline range, the district court calculated Mr. Carrillo-Hibara's base offense level at eight, pursuant to U.S.S.G. § 2L1.2(a). Because Mr. Carrillo-Hibara had previously been convicted of a felony (the sale of heroin) and received a sentence of more than five years' imprisonment, ten levels were added under U.S.S.G. § 2L1.2(b)(2)(A). Mr. Carrillo-Hibara received a reduction of three levels under U.S.S.G. §§ 3E1.1(a) and (b) for acceptance of responsibility. Thus, his total offense level was 15. Mr. Carrillo-Hibara's criminal history category was set at III due to two state convictions for the sale of heroin,

3

one in 2002 and the other in 2004.  With a total offense level of 15 and a criminal history category of III, the advisory guideline range was 24 to 30 months' imprisonment.  No one objected to the calculation of the advisory guideline.

After weighing the § 3553(a) factors, the district court imposed a sentence of 24 months' imprisonment.  At sentencing and on appeal, Mr. Carrillo-Hibara contests only the substantive reasonableness of his sentence.

The district court sentenced Mr. Carrillo-Hibara at the low end of the advisory guideline range, a sentence which we ordinarily except to be reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  He has not shown that the district court abused its discretion.  Rather, the sentencing transcript reflects that the district court considered the § 3553(a) factors in deciding that they supported a 24-month sentence.  *See Pugh*, 515 F.3d at 1191 (requiring the district court to "consider *all* of the § 3553(a) factors") (emphasis in original).

The district court explained that Mr. Carrillo-Hibara has been removed from the United States at least seven times.  The district court noted that when he "came here for any appreciable period of time … he was selling heroin, two serious offenses involving the sale of heroin."  D.E. 27 at 18.  The district court stated that his conviction for illegal re-entry stemmed from an arrest in Georgia for possession of methamphetamine and thus, Mr. Carrillo-Hibara was "aware of the drug market and [had]… been in the drug market."  D.E. 27 at 19.  Due to Mr. Carrillo-Hibara's

4

conduct, the district court determined that it could not "vary or depart downwardly and give [him] a very, very lenient sentence." D.E. 27 at 19. This was not an abuse of discretion; in fact, we have approved of the district court giving significant weight to such conduct in other cases. *See, e.g., United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014) ("The district court must evaluate all of the § 3553(a) factors, but it may attach great weight to one factor over others.") (quotation marks omitted); *United States v. Martinez-Gonzalez*, 663 F.3d 1305, 1311–12 (11th Cir. 2011) (affirming reasonableness of 24-month sentence when district court found illegal re-entry defendant's "history of arrests and convictions was compelling evidence of his propensity to recidivate") (alterations omitted).

Mr. Carrillo-Hibara asserts—as he did at sentencing—that a sentence of imprisonment for twelve months and one day was appropriate due to his need to support his family and because he had illegally re-entered the country in order to provide for them. The record reflects that the district court considered these family ties noted that these factors were "one of the reasons [it] d[id] not sentence [Mr. Carrillo-Hibara] to the top of the guideline range." D.E. 27 at 19. But the district court's refusal to vary downward due to Mr. Carrillo-Hibara's criminal past and drug-related conduct was not a clear error in judgment, and we cannot say that Mr. Carrillo-Hibara's sentence is unreasonable. *See United States v. Langston*, 590

F.3d 1226, 1237 (11th Cir. 2009) ("We do not reweigh relevant factors … unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence outside the range of reasonable sentences."); *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors.") (alterations omitted). *See also Martinez-Gonzalez*, 663 F.3d at 1311 (affirming substantive reasonableness of sentence given defendant's criminal history despite argument that defendant's family would "face financial hardship").

## III

In sum, Mr. Carrillo-Hibara has not met his burden to demonstrate that his sentence is substantively unreasonable. Because nothing in the record or briefing on appeal leaves us "with the definite and firm conviction that the district court committed a clear error of judgment," we affirm Mr. Carrillo-Hibara's sentence.

**AFFIRMED.**