[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14622

_____

D.C. Docket No. 8:18-cr-00068-MSS-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KYLE DALE RITSEMA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 4, 2021)

Before WILLIAM PRYOR, Chief Judge, LUCK and ED CARNES, Circuit
Judges.

PER CURIAM:

This sentencing appeal challenges the reasonableness of a below-guidelines sentence for producing, possessing, and distributing child pornography. The defendant argues that the district court considered improper factors, failed to consider relevant factors, and imposed a higher sentence than necessary. The sentence was reasonable, so we affirm.

## I. BACKGROUND

Kyle Ritsema worked in Florida as a middle school math teacher and assistant principal until 2018, when he was arrested on child pornography charges. Police officers discovered Ritsema's interest in young teenagers during their investigation of another school official, William Napolitano. Ritsema sent Napolitano pornographic pictures Ritsema had taken of a 14-year-old boy and described his sexual relationship with the child. Ritsema called the child "[B.] Boy," referring to the victim's first name. Police began investigating Ritsema, and they learned that he had sexual contact with B. at least five times over the course of a year. He may have abused a second child—the record is unclear—and he solicited several other children. One of the children was a former student. Officers also learned that Ritsema sent messages to other pedophiles expressing a plan to abuse a 13-year-old relative and a desire to travel to other countries "to sleep with young boys."

2

Ritsema was charged with a total of four counts of producing, possessing, and distributing child pornography. 18 U.S.C. §§ 2251(a), (e), 2252(a)(2), (a)(4)(B), (b)(1)–(2). He pleaded guilty to all four counts without a plea agreement.

The presentence report and testimony at the sentencing hearing revealed several relevant facts about Ritsema's background. Ritsema grew up in a religious home and concluded during middle school that he was gay. After struggling with his sexuality throughout his childhood, he eventually told his parents that he was gay. They expressed disappointment and temporarily "disowned" him, but they became more accepting over time. In fact, 18 family members and friends attended his sentencing hearing, and his mother and cousin spoke on his behalf.

Evidence also revealed that Ritsema has been infected with human immunodeficiency virus since 2005. His attorney represented to the district court that treatment has controlled the virus effectively and that Ritsema's viral load has been too low for sexual transmission of the virus "for decades." Regardless, Ritsema did not tell B. about his diagnosis before they engaged in oral and anal sex.

Ritsema consulted with a forensic psychologist before his sentencing hearing. The psychologist reported that Ritsema suffered from depression, "adjustment issues related to his sexuality," and "pedophilic disorder." She concluded that he would benefit from therapy focused on "age-appropriate partner

selection," and she explained that he was less likely than some other sex offenders to continue abusing children. She based her opinion in part on the view that Ritsema had no previous sexual offenses, which she defined as arrests or indictments.

At the sentencing hearing, Ritsema expressed remorse for "ma[king] some horrible mistakes" during what he described as "an isolated episode." He asked for a lenient sentence because he would be "more of a burden on society behind bars than being a productive citizen on the street." And he reasoned that a short sentence would be adequate because he was "not [being sentenced] for thousands, hundreds, or even tens of photos or videos," but instead "because of [his] inappropriate sexual behavior, five photos, four of which were pornography without a face and one only a face shot."

The district court pointed out that Ritsema "never once" mentioned during his statement that he had raped children. It also pointed out that Ritsema was "different than most child porn[ography] defendants" because he "committed the conduct that gave rise to the photographs." And it observed that Ritsema's behavior would have consequences for parents' trust of school administrators like Ritsema. The district court found that Ritsema's guidelines range was 960 months of imprisonment, the statutory maximum. It sentenced Ritsema to 420 months of imprisonment: 360 months on the production count and 60 months on each of the

4

other three counts, to run concurrent to each other and consecutive to the 360-month sentence. It also sentenced Ritsema to lifetime supervised release.

## II. STANDARD OF REVIEW

A sentence is substantively unreasonable if the district court failed to consider relevant factors that should have carried "significant weight," afforded significant weight to an improper or irrelevant factor, or committed a clear error of judgment in its consideration of the 18 U.S.C. § 3553(a) factors. *United States v. Dixon*, 901 F.3d 1322, 1351 (11th Cir. 2018) (internal quotation marks omitted). Weighing each statutory factor falls squarely within the discretion of the sentencing court. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). We will vacate a sentence only upon a "definite and firm conviction that the district court committed a clear error of judgment in weighing the [statutory] factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

## III. DISCUSSION

Ritsema's substantially below-guidelines sentence is not unreasonably long. The judge heard evidence about the especially serious aspects of Ritsema's behavior: his young victims, his undisclosed disease, his position of trust in the community, his lack of remorse during his allocution, his plans for future sexual

5

abuse of children, and his pattern of soliciting and sexually abusing children. And she heard evidence about the aspects of Ritsema's background that he argued were mitigating: his difficult childhood, his supportive family and friends, and his relatively low risk of reoffending. At the end of the hearing, based on all the evidence and arguments and after weighing the statutory factors, the district court selected a substantially below-guidelines sentence. We cannot conclude that the district court committed a clear error of judgment by sentencing Ritsema to less than half of the guidelines range instead of the 180-month statutory minimum sentence he sought. *Cf. United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016) (concluding that a sentence is more likely to be reasonable if it is well below the statutory maximum). Ritsema makes three arguments, which we reject in turn.

Ritsema first argues that the district court should not have considered the fact that he was an assistant principal or the fact that he did not disclose his human immunodeficiency virus diagnosis. Those facts are irrelevant, he says, because he never successfully seduced any of his current students and he could not have transmitted the virus. But Ritsema admitted that he solicited a former student, and as the district court pointed out, Ritsema's job was independently relevant because his crimes eroded trust in school administrators. And Ritsema agreed that he should have told his victims about his diagnosis even if he was correct that they faced no risk of infection.

6

Ritsema next argues that the district court insufficiently considered the mitigating factors of his difficult childhood and the psychologist's opinion that he was less likely to reoffend than some other sex offenders. But the district court announced its sentence after considering Ritsema's mitigation arguments, and Ritsema points to nothing in the record to suggest that the district court overlooked his arguments. Nor is it a great distinction to be among the less likely sex offenders to reoffend; sex offenders who abuse children have "appalling rates of recidivism," *United States v. Pugh*, 515 F.3d 1179, 1201 (11th Cir. 2008), and sex offenders in general are "much more likely than any other type of offender" to commit sex crimes in the future, *McKune v. Lile*, 536 U.S. 24, 33 (2002) (opinion of Kennedy, J.). At bottom, Ritsema's argument amounts to a contention that the district court misweighed the factors, but the weight each factor deserves is reserved to the discretion of the district court. *Amedeo*, 487 F.3d at 832.

Ritsema last argues that his sentence created an unwarranted disparity with other sentences for similar conduct. *See* 18 U.S.C. § 3553(a)(6). He draws three comparisons to support his argument. He first points out that many people convicted of a Florida crime involving sexual abuse of children received less serious sentences than he did. But disparities between state and federal sentences for different crimes are not a relevant consideration. *United States v. Docampo*, 573 F.3d 1091, 1101–02 (11th Cir. 2009). Ritsema next compares his sentence to

7

the sentences of four defendants who committed child pornography crimes. But Ritsema does not contend that any of those crimes involved sexual contact with the victims, so the criminals are not similarly situated to Ritsema and the comparison fails. *See United States v. Johnson*, 980 F.3d 1364, 1386 (11th Cir. 2020); *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015). Ritsema's last comparison is with William Napolitano, the pedophile to whom Ritsema sent explicit images of "[B.] Boy." Napolitano targeted younger children, abused a specific victim for a longer time, and had an extensive collection of graphic child pornography. He received a life sentence. Ritsema says he too effectively received a life sentence because he will be released in his early seventies. So, Ritsema argues, a sentencing disparity exists because he received essentially the same sentence as Napolitano even though Napolitano's conduct was more serious than Ritsema's. We see no unwarranted disparity. Napolitano's conduct and sentence were more severe than Ritsema's conduct and sentence. Ritsema will be released in his early seventies, if not earlier, *see Irey*, 612 F.3d at 1176 nn.10 & 11 (citing 18 U.S.C. § 3624), but Napolitano is assured that he will spend the rest of his life in prison.

## IV. CONCLUSION

We **AFFIRM**.

8