[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10287

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EDWIN ALAN DOMINGUEZ-GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cr-00243-MLB-CMS-1

_____

Before LAGOA, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

The District Court for the Northern District of Georgia sentenced Edwin Dominguez-Garcia to 18 months in prison for illegal reentry. Dominguez-Garcia appeals that sentence, arguing it was substantively unreasonable because the District Court improperly weighed the sentencing factors, failed to consider his mitigating personal history, and failed to sufficiently justify its sentence at the high end of the guideline range. Finding no error, we affirm.

## I.

On July 13, 2022, a grand jury in the Northern District of Georgia indicted Edwin Dominguez-Garcia on one count of illegal entry of a removed alien, in violation of 8 U.S.C. § 1326(a). Dominguez-Garcia pleaded guilty without a plea agreement.

According to the presentence investigation report (the "PSR"), Dominguez-Garcia was convicted of possession of drug-related objects in Georgia in 2014 and was scheduled to be removed. He was arrested for driving with a suspended license in 2015, and he was removed from the United States on December 10, 2015. He reentered the United States twice in 2016, twice in 2017, and once in 2019. In June 2022, immigration agents encountered Dominguez-Garcia in Georgia at the Gwinnett County Jail, where he had been detained due to an active probation violation warrant.

Pursuant to U.S.S.G. § 2L1.2, the base offense level for a violation of 8 U.S.C. § 1326(a) is eight. The probation officer then assessed a four-level increase under U.S.S.G. § 2L1.2(b)(3)(D) because before Dominguez-Garcia was ordered removed from the United States for the first time, he had a felony conviction for possession of methamphetamine. The probation officer also awarded a two-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1(a). Dominguez-Garcia's total offense level was ten.

In calculating Dominguez-Garcia's criminal history, the PSR reported multiple prior criminal convictions in Georgia state court. These included: driving without a valid license, possession and use of drug related objects, driving with a suspended or revoked license, possession of methamphetamine, and loitering. Dominguez-Garcia also has a prior conviction for illegal entry in the Southern District of Texas. These convictions resulted in a subtotal criminal history score of five. The probation officer assessed two additional points because Dominguez-Garcia committed the instant offense while on probation for his conviction for possession of methamphetamine. Dominguez-Garcia's total criminal history score, then, was seven, leading to a criminal history category of IV.

A total offense level of ten and a criminal history category of IV correspond to a guideline range of 15 to 21 months'

imprisonment.[1]  The PSR also noted that the statutory maximum was two years' imprisonment.

In addition, the PSR discussed facts regarding Dominguez-Garcia that the probation officer thought the District Court would find relevant in fashioning its sentence.  For example, Dominguez-Garcia had been married for six years and his wife resided in California.  Dominguez-Garcia and his wife had three children together, all United States citizens, and Dominguez-Garcia communicated with them daily.  Dominguez-Garcia was employed as an electrician before his arrest.  He also served in the Mexican military as a Marine.

Dominguez-Garcia filed a sentencing memorandum.  He requested that he be given credit for the time he spent in state and immigration custody, and that he be given a sentence of time served since he had been in custody for more than seven months.  According to Dominguez-Garcia, time served was sufficient given the time he had already spent away from his wife and children, as well as his background in the Mexican Marines and work as an electrician.

At the sentencing hearing, neither the government nor Dominguez-Garcia objected to the calculation of the advisory guidelines or the potential sentence.  The Court adopted both the guideline calculation and the factual findings in the PSR.  The

---

[1] Dominguez-Garcia acknowledges that 15 to 21 months is the proper guideline range.

District Court stated that it had read all the materials provided to it, explicitly stating that it had "read the defendant's sentencing memorandum." The Court also stated that it had considered all the § 3553(a) factors.

According to the District Court, several things "stuck out" in considering the § 3553(a) factors. The Court noted that Dominguez-Garcia's criminal history was significant and—in addition to his previous convictions—it included multiple arrests, failures to appear, and probation violations. The Court said that, in addition to his criminal history, Dominguez-Garcia had "seven prior deportations, two failures to appear and probation violations. That makes me think he has little regard for the law and that there needs to be deterrence." Sent'g Hr'g Tr., Doc. 28 at 5–6. The Court continued to say:

> I do think the history and characteristics of the defendant weight against the defendant. I do think that while it's not the most serious offense . . . I think that there does need to be respect for the law, punishment, [and] deterrence[;] those are the things that I think push it, not the seriousness of the offense as much or the need to protect the public or to provide education.

*Id.* at 9.

The government argued for a 20-month sentence to promote respect for the law and based on the nature and characteristics of the defendant. The government pointed out that

Dominguez-Garcia came back almost immediately after being deported the first time and that he returned over and over again, showing no respect for the law. According to the government, Dominguez-Garcia was not someone who came to the United States to work and become a full citizen; he was someone who came to the United States and repeatedly committed crimes. The government did note that Dominguez-Garcia pleaded guilty immediately, which saved prosecutorial resources. The government also requested a year of supervised release as a deterrent because Dominguez-Garcia's wife and children were in the United States, which gave him a reason to return.

Dominguez-Garcia's attorney argued that Dominguez-Garcia was not the kind of offender who should be sentenced close to the statutory maximum of two years. He came to the United States to work and to be with his family. According to the attorney, Dominguez-Garcia's criminal history was not as significant as others. The attorney also argued that Dominguez-Garcia's history and characteristics weighed towards mitigating the sentence. For example, Dominguez-Garcia came to this country to work and support his family. Post-release, Dominguez-Garcia intended to stay with family in Mexico and await his wife and children, who plan to relocate to another country. The attorney continued by arguing that Dominguez-Garcia had been in custody since May 20, 2022, and that being away from his wife and family for that

extraordinarily long time served as an adequate deterrence.[2]  The attorney requested a sentence of time served.

The District Court then imposed its sentence, stating that it had considered the § 3553(a) factors.  The Court explained that it did not believe Dominguez-Garcia would remain outside of the United States or move his family to another country.  The Court also found that Dominguez-Garcia's criminal history was not less significant than other people charged with a similar offense and a sentence of 20 months would not create a sentencing disparity. The Court sentenced Dominguez-Garcia to 18 months' imprisonment—the middle of the guideline range—followed by one year of supervised release.[3]  Dominguez-Garcia objected to the substantive reasonableness of the sentence.  He timely appealed.

On appeal, Dominguez-Garcia argues that the District Court's sentence was substantively unreasonable because the Court improperly weighed the sentencing factors, failed to consider the defendant's mitigating personal history, and did not offer sufficient justification for the sentence.

**II.**

---

[2] The sentencing hearing was held on January 9, 2023, meaning that Dominguez-Garcia had been in custody for approximately seven and a half months.

[3] We assume that Dominguez-Garcia would also be deported while on supervised release.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We do not apply a presumption of reasonableness to sentences within the guideline range, but we ordinarily expect such a sentence to be reasonable. *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). The proper factors are set out in § 3553(a) and include the nature and circumstances of the offense, the personal history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, and adequate deterrence. 18 U.S.C. § 3553(a)(1)-(2).

A district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). It is enough that the record reflects the district court's consideration of the § 3553(a) factors. *United States*

*v. Cabezas-Montano*, 949 F.3d 567, 609 (11th Cir. 2020). And a failure to discuss mitigating evidence does not indicate that the court "erroneously ignored or failed to consider this evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (quotation marks omitted).

We have "underscored" that we must give "due deference" to the district court to consider and weigh the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (quotation marks omitted). The district court does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). This discretion is particularly pronounced when weighing criminal history. *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021). We will vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation marks omitted).

Here, Dominguez-Garcia's sentence was substantively reasonable. The District Court has broad discretion when weighing the § 3553(a) factors and may weigh one factor more heavily than another, especially when looking at criminal history. *Rosales-Bruno*, 789 F.3d at 1254; *Riley*, 995 F.3d at 1279. The District Court reasonably weighed Dominguez-Garcia's history of reentry, failure to appear, probation violations, and prior drug offense against his

family's presence in the United States, his work in the Mexican Marines and as an electrician, and his decision to plead guilty when concluding that a sentence in the middle of the guideline range was appropriate. While the Court may have weighed the nature and circumstance of the offense, promotion of respect for the law, and adequate deterrence more heavily than it did Dominguez-Garcia's personal history and characteristics, that was within the Court's power. *See Rosales-Bruno*, 789 F.3d at 1254.

Nothing in the record indicates that the Court failed to consider Dominguez-Garcia's mitigating personal history—it just didn't give it as much weight as the defendant would have liked. It is true that the District Court did not directly state that it had considered that evidence. But it didn't need to. *See Amedeo*, 487 F.3d at 833. The Court explicitly said that it had read Dominguez-Garcia's sentencing memorandum. It said that it had taken all the testimony at the sentencing hearing into consideration and had given thought to all of the § 3553(a) factors.

The District Court gave more than sufficient justification for its sentence. It discussed at length Dominguez-Garcia's criminal history, the number of times he had illegally entered the country and then been deported, and its belief that a lenient sentence would not deter him from doing so again in the future. It also explained exactly which of the § 3553(a) factors it found to be the most important.

23-10287                    Opinion of the Court                    11

We can hardly say that we are left with a "definite and firm conviction" that the District Court committed an error of judgment. *Irey*, 612 F.3d at 1190. Accordingly, we affirm.

**AFFIRMED.**