[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-11477

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL MONTAY MARTIN,
a.k.a. Mojo,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:17-cr-00167-ELR-JFK-1

_____

Before WILSON, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Michael Martin appeals his sentence of 12 months and 1 day imposed by the district court following the revocation of his supervised release under 18 U.S.C. § 3583(g). Martin argues that his sentence is substantively unreasonable because the district court failed to consider any mitigating factors regarding his depression and stress, for which he used marijuana. After reading the parties' briefs and reviewing the record, we affirm Martin's sentence.

## I.

We review for abuse of discretion a sentence's reasonableness, regardless of whether that sentence falls inside or outside of the guideline range. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The party challenging the substantive reasonableness of the sentence bears the burden of establishing that it is unreasonable based on the record, the 18 U.S.C. § 3553(a) factors, and "the substantial deference afforded [to] sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). Under this standard, we may affirm a sentence even though we would have imposed a different sentence had we been in the district court's position. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

## II.

Martin contends on appeal that his sentence is substantively unreasonable under the 18 U.S.C. § 3553(a) factors because the district court failed to consider that his marijuana usage to treat his depression and to help alleviate stress did not affect his employment or cause recidivism.  Martin claims that many medical professionals have accepted marijuana as an effective medication to treat mental illness like depression and anxiety.  He alleges that the district court failed to consider or explain this mitigating factor in formulating a sentence.  The government responds that Martin raises this issue for the first time on appeal, that the pre-sentence investigation report did not document a history of mental or emotional problems, and that the district court noted that his marijuana usage for an alleged valid reason did not affect the sentence estimation.

A sentence is substantively unreasonable only when the district court "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Rosales-Bruno*, 789 F.3d at 1256 (quotation marks omitted).  We "commit[] to the sound discretion of the district court the weight to be accorded to each § 3553(a) factor," *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015), and the district court is "permitted to attach great weight to one factor over others," *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (quotation marks omitted).  Further, a failure to discuss mitigating evidence does not indicate that the court "erroneously

'ignored' or failed to consider this evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

We will vacate a district court's sentence "only if we are left with the 'definite and firm' conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that [is] outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (quoting *Irey*, 612 F.3d at 1190). We do not apply a presumption of reasonableness to sentences within the guideline range, but we ordinarily expect such a sentence to be reasonable. *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

Section 3553(a)'s "overarching" instruction to sentencing courts is that any sentence must be sufficient but not greater than necessary to comply with the purposes listed in § 3553(a)(2). *Kimbrough v. United States*, 552 U.S. 85, 101, 128 S. Ct. 558, 570 (2007); 18 U.S.C. § 3553. When imposing a sentence upon revocation of supervised release, the district court considers the following § 3553(a) factors: the nature and circumstances of the offense; the defendant's history and characteristics; the sentences available and relevant sentencing range; the need to deter criminal conduct, protect the public, provide the defendant with training or other correctional treatment, avoid disparities between defendants, and provide for restitution; and any pertinent policy statements. 18 U.S.C. §§ 3583(e)(3), 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

**III.**

The record demonstrates that the district court did not err in imposing Martin's sentence. Martin cannot meet his burden to show that his sentence is substantively unreasonable based on the record, the § 3553 factors, and the substantial deference afforded the district court. Martin failed to alleviate the district court's concerns about his failure to comply with the terms of his supervised release. At the first revocation hearing, the district court indicated that it was concerned about Martin's continued marijuana usage, his failure to participate in a substance abuse treatment program, and his failure to follow the probation officer's instructions. The district court allowed Martin two months to prove he could maintain sobriety, but Martin failed to do so.

At the second revocation hearing, the district court noted that Martin continued to use marijuana and ceased participating in drug abuse counseling treatment. At this hearing, Martin explained for the first time that he used marijuana to treat his depression and to alleviate his stress. Although the district court did not expressly note that issue, there is no indication that the district court failed to consider this argument because it noted that Martin's arguments did not affect its decision. The district court was within its discretion to weigh Martin's failures to comply with his supervised release conditions more heavily than any alleged mental health issues. Thus, Martin cannot show that the sentence is substantively unreasonable. Moreover, Martin's sentence was within his Guideline range, and this also indicates that the sentence was reasonable.

Accordingly, based on the aforementioned reasons, we affirm the district court's imposition of a 12 months and 1 day sentence following the revocation of Martin's supervised release.

**AFFIRMED.**