[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10271

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMIEY TONINO PARKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cr-14032-JEM-1

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Jamiey Parker appeals his sentence of 160 months of imprisonment imposed after he pleaded guilty to two counts of distribution of methamphetamine. 21 U.S.C. § 841(a)(1). Parker argues that his sentence below the guideline range is substantively unreasonable. We affirm.

In 2023, a confidential source conducted two controlled purchases of methamphetamine from Parker. During the execution of a search warrant at Parker's home, officers seized methamphetamine, fentanyl, synthetic cathinones, crack cocaine, and several firearms. After his arrest, Parker admitted he was a drug dealer.

Parker's presentence investigation report provided a base offense level of 30, U.S.S.G. § 2D1.1(a)(5) (Nov. 2023), added two levels because he possessed a dangerous weapon, id. § 2D1.1(b)(1), added two levels because he maintained a premises for the purpose of distributing controlled substances, id. § 2D1.1(b)(12), and applied a three-level reduction for acceptance of responsibility, id. § 3E1.1(a)-(b), yielding a total offense level of 31. The report provided a criminal history category V with prior convictions for fighting animals, possessing with intent to sell cocaine, possession of hydrocodone, battery, and possession of cocaine and drug paraphernalia. Parker's advisory guideline range was 168 to 210 months of imprisonment and his statutory-maximum term was 40 years.

The report described Parker's upbringing and drug and alcohol use. It also reported his relationship with his children and that he had been diagnosed with post-traumatic stress disorder. Parker did not object to the presentence investigation report.

At sentencing, the government argued for a prison sentence of 180 months based on Parker's participation in a long-term, large-scale drug operation and extensive criminal history. Parker acknowledged his criminal history, but sought a downward variance based on his family ties, post-traumatic stress disorder, and substance-abuse problems. The district court stated that it would place Parker in drug treatment and that it had empathy for Parker's children but that it did not intend to impose a light sentence. The district court then varied downward and sentenced Parker to 160 months of imprisonment. It explained that it considered the statements of the parties, the presentence investigation report, and the statutory sentencing factors, 18 U.S.C. § 3553(a), and that the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for law and provide just punishment, afford adequate deterrence, protect the public, and provide Parker with necessary training.

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court "imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in

considering the proper factors." *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021). We will disturb "the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

The district court did not abuse its discretion. The district court varied downward after weighing the statutory sentencing factors, 18 U.S.C. § 3553(a), including Parker's personal characteristics, and after stating it considered the presentence investigation report, which mentioned his difficult upbringing, family ties, substance abuse problems, and post-traumatic stress disorder. Although the district court addressed Parker's family and substance abuse problems in passing, it did not fail to consider his mitigating evidence by not explicitly discussing it. *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). We cannot say that the district court committed a clear error in judgment by weighing his criminal history and the seriousness of the offense more heavily than this mitigating evidence, *see United States v. Rosales-Bruno*, 789 F.3d 1249, 1262–63 (11th Cir. 2015), and imposing a sentence below the low end of the guideline range and well below the statutory maximum, *see United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

We **AFFIRM** Parker's conviction and sentence.