[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12051

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSE INEZ DELAO,
a.k.a Jose Ines Delao Delcid,
a.k.a. Jose Ines Delcid,
a.k.a. Jose Julio Velasquez,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cr-00082-MLB-CMS-1

———————————

Before BRANCH, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jose Delao appeals his sentence of 60 months' imprisonment, which was a 14-month variance from the upper-end of his guideline range, for illegally re-entering the United States, in violation of 8 U.S.C. § 1326(a), (b)(1). He argues that his sentence was substantively unreasonable. After careful review, we affirm Delao's sentence.

**I.**

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).

Under 18 U.S.C. § 3553(a), a district court's sentence must be "sufficient, but not greater than necessary," to achieve the goals of sentencing, which include: reflecting the "seriousness of the offense," promoting "respect for the law," providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. The district court must also consider "the nature and

circumstances of the offense," the defendant's history and characteristics, "the kinds of sentences available," the Sentencing Guidelines, any pertinent public policy statement, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and "the need to provide restitution to any victims." 18 U.S.C. § 3553(a).

A district court abuses its discretion and imposes a substantively unreasonable sentence only if it "(1) fails to afford relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotation marks omitted). A district court commits a clear error of judgment when it considers the proper factors but balances them unreasonably, arriving at a sentence that does not "achieve the purposes of sentencing as stated in § 3553(a)." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).

## II.

Delao asserts that his sentence is substantively unreasonable on three grounds: (1) the district court failed to provide a sufficient justification for the upward variance it imposed; (2) the district court erred to the extent that the variance was based on his criminal history; and (3) the district court improperly weighed the 18 U.S.C. § 3553(a) factors. We address each argument in turn.

First, the district court provided a sufficient justification for the 14-month upward variance. The district court need not "state

on the record that it has explicitly considered each of the § 3553(a) factors" or "discuss each of the § 3553(a) factors." *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013) (quotation marks omitted). An acknowledgment by the district court that it has considered the § 3553(a) factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). We "have taken a holistic approach in evaluating the district court's explanation of the sentence imposed" such that our "review is not limited to the district court's closing remarks." *United States v. Ghertler*, 605 F.3d 1256, 1263 (11th Cir. 2010). In acknowledging that it considered the § 3553(a) factors, the district court specifically addressed Delao's criminal history as an aggravating factor; the need to afford adequate deterrence; Delao's high risk of recidivism, especially considering his previous reentries into the United States quickly after he was removed; and the need to protect the public.

Second, the district court did not abuse its discretion in varying upward based on Delao's criminal history. The district court may consider any information relevant to a defendant's "background, character, and conduct in imposing an upward variance." *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010) (internal quotation marks omitted); *see also* 18 U.S.C. § 3661. Additionally, the district court may rely on factors in imposing a variance that it already considered in calculating the defendant's guideline range. *See United States v. Amedeo*, 487 F.3d 823, 833–34 (11th Cir. 2007). Here, the district court identified several factors to support the variance that were not accounted for by the Guidelines—his prior domestic violence convictions and the violent nature of his prior

convictions. And the district court explained how Delao's criminal history factored into the § 3553(a) factors, including explaining how Delao's criminal history supported the likelihood of recidivism and the need for deterrence because Delao reentered the United States only nine months after being deported for a previous illegal reentry conviction. The district court had discretion to place specific emphasis on these factors. Delao failed to show that the district court abused its discretion in relying on his criminal history to support the upward variance.

Third, the district court did not improperly weigh the § 3553(a) factors. The weight given to any specific § 3553(a) factor is "committed to the sound discretion of the district court." *United States v. Riley,* 995 F.3d 1272, 1279 (11th Cir. 2021). "District courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed." *Rosales-Bruno*, 789 F.3d at 1254, 1261. In *Rosales-Bruno*, we noted that the district court cited the defendant's criminal history as bearing on multiple § 3553(a) factors, including the "history and characteristics of the defendant, the need to promote respect for the law, . . . the need to provide adequate deterrence," and the need to protect the public. *Id.* at 1262. We stated that "[p]lacing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *Id.* at 1263. Here, the district court focused on the following § 3553(a) factors—Delao's personal history and characteristics, the need to provide adequate deterrence, and the need to

protect the public—and has that discretion to give greater weight to those factors.

Delao asserts that the district court did not properly consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). When considering disparities in sentencing, under 18 U.S.C. § 3553(a)(6), we ask "whether the defendant is similarly situated to the defendants to whom he compares himself." *United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015). Here, Delao points to the average illegal reentry defendant, which was 12 months.[1] But the district court explained the many ways that Delao is not similarly situated to the average illegal reentry defendant, including his criminal history and previous illegal reentries. Thus, there is no unwarranted sentence disparity. The court was not required to weigh the factors in the manner that Delao desired.

Because the district court considered each of the § 3553(a) factors and provided a sufficiently compelling justification for its upward variance in imposing a 60-month sentence, well below the statutory maximum of 120 months, the court did not abuse its discretion. We affirm Delao's sentence.

**AFFIRMED.**

---

[1] *See* U.S. Sent'g Comm'n, *Quick Facts: Illegal Reentry Offenses (Fiscal Year 2023)* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Illegal_Reentry_FY23.pdf (last accessed Feb. 13, 2025).