[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-12631

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GUADALUPE CANDELARIO SOLIS SAINZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:15-cr-00116-CEH-AEP-3

_____

Before JILL PRYOR, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Guadalupe Candelario Solis Sainz appeals his sentence of 27 months' imprisonment following the revocation of his supervised release. He contends that his sentence is procedurally unreasonable because the District Court plainly erred by failing to consider his mitigation arguments at the revocation hearing and adequately explain its chosen sentence. After careful review, we affirm.

## I.

In 2015, Solis Sainz pleaded guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States. The District Court sentenced him to 87 months' imprisonment and 60 months of supervised release. After serving his sentence, Solis Sainz was removed from the United States.

In 2023, while still subject to supervision, Solis Sainz was arrested in the Western District of Oklahoma and later pleaded guilty to maintaining a drug-involved premises and participating in a drug trafficking conspiracy. He was sentenced to 240 months' imprisonment. Based on these new convictions, the District Court found that he violated the terms of his supervised release. At the revocation hearing, Solis Sainz admitted the violations, and the Government dismissed an additional charge for illegal reentry. The District Court revoked his supervised release and sentenced him to 27

months' imprisonment, to run consecutively to his Oklahoma sentence. Solis Sainz now challenges that revocation sentence.

## II.

Solis Sainz argues that the District Court imposed a procedurally unreasonable sentence because it failed to consider his mitigation arguments and failed to explain why it rejected those arguments. Because he did not raise these objections at sentencing, we review for plain error. *See United States v. Steiger*, 107 F.4th 1315, 1320 (11th Cir. 2024).

To prevail under plain-error review, Solis Sainz "must establish (1) that the district court erred; (2) that the error was plain; and (3) that the error affect[ed his] substantial rights." *Id.* (citation and internal quotation marks omitted). If these three conditions are met, he must then show that "the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Here, there was no error—plain or otherwise. The District Court expressly stated that it had considered the Presentence Investigation Report, the superseding violation petition, the Sentencing Commission's advisory policy statements, and the applicable § 3553(a) factors. That was sufficient. While a sentencing court must consider the parties' arguments, it need not explicitly reference or respond to every mitigation point raised. *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). Nor must it discuss each § 3553(a) factor on the record. *See United States v. Kuhlman*, 711 F.3d 1321, 1326–27 (11th Cir. 2013).

### III.

Because the District Court adequately explained its reasoning and was not required to do more under our precedents, there is no procedural error—plain or otherwise. We affirm the District Court's sentence.

**AFFIRMED.**